Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| IRIS M. RODRÍGUEZ NÚÑEZ, ET ALS.<br><br>Peticionaria<br><br>v.<br><br>SERVICIOS MÉDICOS UNIVERSITARIOS, INC. H/N/C LA CASA DEL VETERANO; ET ALS<br><br>Recurrida | KLCE202301110 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia,<br>Sala de PONCE<br><br>Caso Núm.:<br>J DP2012-0518<br><br>Sobre:<br>Daños y Perjuicios |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 14 de noviembre de 2023.

El 10 de octubre de 2023, Iris Rodríguez Núñez, Julio A. Rivera Rodríguez y Ricardo Rivera Rodríguez (en adelante, la parte peticionaria) presentaron ante este Tribunal de Apelaciones un recurso de *certiorari*. En este, nos piden que revisemos la *Resolución* dictada y notificada el 30 de agosto de 2023 por el Tribunal de Primera Instancia, Sala Superior de Ponce (en adelante, TPI o foro primario). Mediante el aludido dictamen, el TPI autorizó a la Dra. Johanna Santiago Torres y SIMED a utilizar a la Dra. Anabelle Altieri Ramírez como perito adicional.

Luego de un estudio minucioso del legajo apelativo, resolvemos no expedir el auto solicitado. Explicamos.

I.

La causa de epígrafe trata sobre una *Demanda* de daños y perjuicios instada el 5 de diciembre de 2012, por la parte peticionaria en contra de Servicios Médicos Universitarios, en la que reclaman compensación por los daños ocasionados por la muerte de Julio Rivera Rivera, esposo y padre de

Número Identificador

RES2023 _____

los peticionarios, causada por su negligencia.[1] La reclamación fue posteriormente enmendada para incluir como parte demandada al Hospital San Cristóbal, la Dra. Johanna Santiago Torres, SIMED y a la Dra. Carmen Campos.[2]

El descubrimiento de prueba en el caso fue celebrado. En cuanto a la controversia que hoy atendemos, es importante conocer que durante el trámite del pleito la Dra. Johanna Santiago Torres y SIMED (en adelante, Santiago Torres y SIMED) anunciaron al Dr. Luis Catoni Zeppenfeldt (en adelante, doctor Catoni) como perito, produciéndose un informe pericial con fecha del 2 de mayo de 2017. El Hospital San Cristóbal, por su parte, anunció a la Dra. Anibelle Altieri Ramírez (en adelante, doctora Altieri) como perito, notificándose el correspondiente informe pericial el 5 de julio de 2017. Igualmente, es necesario saber que, durante el descubrimiento de prueba, se tomó deposición al doctor Catoni, más no así a la doctora Altieri.

El 31 de marzo de 2022, se celebró en el caso una vista sobre el estado procesal, calendarizándose el comienzo del juicio para el 3 de mayo de 2022. No obstante, el inicio de la vista en su fondo fue suspendido. Así las cosas, durante una audiencia de estatus celebrada el 4 de mayo de 2022, se informó al foro primario que la parte peticionaria y el Hospital San Cristóbal habían alcanzado un acuerdo transaccional. En dicha ocasión, Santiago Torres y SIMED informaron que estaba considerándose añadir a la doctora Altieri como perito. Ante ello, la parte peticionaria argumentó que el descubrimiento de prueba había concluido.[3]

Posteriormente, durante la videoconferencia sobre el estado de los procedimientos del 30 de mayo de 2023, se discutió la añadidura de la doctora Altieri como perita adicional de Santiago Torres y SIMED. En ese momento, el foro primario señaló que cualquier planteamiento con relación

---

[1] Exhibit I, Apéndice pág. 1.
[2] Exhibits II, III y IV, Ap. Págs. 12, 20 y 24.
[3] Véase, pág. 67 del recurso.

a la prueba pericial adicional anunciada debía quedar claro en el expediente y las controversias debidamente planteadas para resolverse a la mayor brevedad. A tales efectos, y sobre los demás asuntos entonces discutidos, el TPI estableció el 12 de junio de 2023 como fecha límite para someter cualquier planteamiento por escrito.[4]

El 1ro. de junio de 2023, los peticionarios radicaron una moción para que no se permita la perita por haber sido prueba pericial anunciada por otro codemandado.[5] La parte recurrida se opuso a dicho escrito. Tras evaluar estos escritos, el 28 de agosto de 2023, el TPI emitió *Resolución* en la que indicó no haber encontrado razón para no permitir que Santiago Torres y SIMED utilizaran como perito a la doctora Altieri, por lo que les autorizó adicionarla a su prueba pericial.[6] Notificada la *Resolución* el 30 de agosto de 2023, el 8 de septiembre de 2023 los peticionarios presentaron una *Moción de Reconsideración* que fue denegada.[7]

El 27 de septiembre 2023 los peticionarios retiraron su solicitud de reconsideración. No obstante, el TPI la evaluó el 28 de septiembre de 2023 y la declaró "No ha lugar". Ante tal denegatoria, los peticionarios presentaron el recurso de *Certiorari* KLCE202301082. Este, fue desestimado por prematuro, determinándose que el plazo para presentarse ante el TA aún no había iniciado.

Posteriormente, el 10 de octubre de 2023 la parte peticionaria presentó la petición de *certiorari* de epígrafe en la que aducen el siguiente error:

> "Erró el Tribunal de Primera Instancia al permitir, a tan solo un día del comienzo del juicio en sus méritos, que la parte demandada recurrida sumara a Altieri Ramírez como perita adicional, sin exigir o demostrársele una justa causa para la tardanza en el anuncio ni determinar que fuese una testigo

---

[4] Véase *Minuta* de vista del 30 de mayo de 2023, transcrita el 2 de junio de 2023; págs. 33-35.
[5] Exhibit VII, Ap. 37.
[6] Véase, *Resolución*; págs. 65-69.
[7] Exhibit XII, p. 81.

pericial esencial para su defensa, causando a los peticionarios con ello un perjuicio sustancial."

Atendido el recurso, el 12 de octubre de este año, emitimos *Resolución* concediéndole a los recurridos a presentar su posición en un término de diez (10) días. El 27 de octubre de 2023, estos sometieron *Alegato en oposición*. El 9 de noviembre de este año, SMU sometió un escrito titulado *Oposición a Moción en auxilio de jurisdicción*. El 13 de noviembre de 2023, los peticionarios sometieron es escrito al que alude tal moción. Evaluada esta última, resolvemos **No Ha Lugar**.

II.

**-A-**

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021); 800 Ponce de León v. AIG, 205 DPR 163 (2020). La determinación de expedir o denegar este tipo de recursos se encuentra enmarcada dentro de la discreción judicial. *Íd*. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 729 (2016). Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd*.

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. McNeil Healthcare v. Mun. Las Piedras I, *supra*; Scotiabank v. ZAF Corp et al., 202 DPR 478 (2019). La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo

remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo." 800 Ponce de León v. AIG, *supra*. Asimismo, y a manera de excepción, se podrá expedir este auto discrecional cuando:

> (1) se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales,
>
> (2) en asuntos relacionados a privilegios evidenciarios,
>
> (3) en casos de anotaciones de rebeldía,
>
> (4) en casos de relaciones de familia,
>
> (5) en casos revestidos de interés público o
>
> (6) en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia."

McNeil Healthcare v. Mun. Las Piedras I, *supra*.

El examen de estos autos discrecionales no se da en el vacío o en ausencia de otros parámetros. McNeil Healthcare v. Mun. Las Piedras I, *supra*, a la pág. 404; 800 Ponce de León v. AIG, *supra*. Para ello, la Regla 40 de nuestro Reglamento establece ciertos indicadores a tomar en consideración al evaluar si se debe o no expedir un recurso de *certiorari*. Estos son:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Los criterios previamente transcritos pautan el ejercicio sabio y prudente de la facultad discrecional judicial. <u>Mun. de Caguas v. JRO Construction</u>, 201 DPR 703, 712 (2019). La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación." <u>Scotiabank v. ZAF Corp. et al.</u>, *supra*, págs. 486-487; <u>Mun. de Caguas v. JRO Construction</u>, *supra*.

**-B-**

La Regla 37.4 de Procedimiento Civil, 32 LPRA Ap. V R. 37.4, exige que los abogados o las abogadas de las partes en los casos señalados para conferencia con antelación al juicio se reúnan para confeccionar el Informe preliminar entre abogados. Conforme la citada regla, este informe contendrá:

> (a) Nombres, direcciones, teléfonos, fax y correo electrónico de los abogados y las abogadas que intervendrán en representación de las partes en la vista en su fondo del caso.
>
> (b) Una breve relación de los hechos pertinentes a las reclamaciones o defensas de las partes. Si se reclaman daños, un desglose detallado de éstos.
>
> (c) Estipulaciones sobre los hechos, documentos y asuntos sobre los cuales no exista controversia y que eviten la presentación de evidencia innecesaria.
>
> (d) Una exposición breve de la posición de las partes con respecto a los hechos, documentos y asuntos sobre los cuales exista controversia y la base legal que apoye tal posición.
>
> (e) Un resumen del derecho aplicable a los hechos específicos del caso, un resumen de las cuestiones de derecho que las partes anticipen que se plantearán o que ya se hayan planteado, señalando aquellos en que exista desacuerdo y sus opiniones, y la jurisprudencia específica aplicable.
>
> (f) Una relación detallada de la prueba documental debidamente identificada, incluso las deposiciones u otra prueba que se ofrecerá y respecto a cuya admisión en evidencia no exista controversia.
>
> (g) Una relación de la prueba documental que ofrecerá cada parte y respecto a cuya admisión en evidencia exista controversia, incluso una sucinta exposición de los fundamentos en que se base la objeción.
>
> (h) Una lista de cada parte con los nombres y las direcciones de las personas testigos, incluso los peritos y las peritas de ocurrencia, que

testificarán en el juicio (excepto los testigos de impugnación o de refutación), incluso un resumen de su testimonio.

**(i) Una lista de cada parte con los nombres de las personas peritos que testificarán en el juicio, incluyendo un resumen de su testimonio.**

(j) Las reclamaciones o defensas que cada parte alegue que se han desistido o renunciado.

(k) Una lista de todas las mociones presentadas y aquellas que consideren someter, sujeto a la discreción del tribunal, para permitirlas en esta etapa del procedimiento.

(l) Las enmiendas a las alegaciones y los fundamentos por los cuales éstas no se presentaron con anterioridad.

(m) Un estimado del número de días y horas requeridas para la presentación de la prueba de cada una de las partes en el juicio en su fondo.

(n) La posibilidad de una transacción.

(o) Considerar cualesquiera otras medidas que puedan facilitar la más pronta terminación del pleito. (Énfasis suplido).

Además de lo antes consignado, la Regla 37.4, *supra,* permite que estos asuntos sean discutidos entre los abogados por teléfono, teleconferencia y otros métodos. Igualmente, establece que el informe deberá someterse diez (10) días antes del señalamiento para la conferencia con antelación al juicio. Por último, esta regla señala que, **a menos que se demuestre justa causa, no se permitirá presentar prueba que no haya sido previamente identificado en el informe a prepararse.**

Los tribunales de instancia gozan de amplia discreción para pautar y conducir la tramitación de los procedimientos ante su consideración. In re Collazo I, 159 DPR 141, 150 (2003). El funcionamiento efectivo de nuestro sistema judicial y la más rápida disposición de los asuntos litigiosos requieren que nuestros jueces de instancia tengan gran flexibilidad y discreción para trabajar con el diario manejo y tramitación de los asuntos judiciales. *Id*.

Nuestro Tribunal Supremo ha establecido que como regla general este Tribunal no intervendrá en el manejo del caso ante la consideración del TPI. Ello así, salvo que hubiera prejuicio, parcialidad, craso abuso de

discreción o error en la aplicación de una norma procesal o de derecho sustantivo y que nuestra intervención en esa etapa evitará un prejuicio sustancial. Rivera y otros v. Bco. Popular, 152 DPR 140 (2000) a la pág. 155.

El principio general aludido reconoce que los tribunales de instancia son quienes están en mejor posición para determinar cuál debe ser el mejor manejo del caso ante su consideración. Como corolario de lo anterior, los foros apelativos no deben intervenir con las determinaciones de los tribunales sentenciadores que estén enmarcadas en el ejercicio de la discreción que se les ha concedido para encaminar procesalmente los asuntos que tienen pendientes. En situaciones excepcionales, claro está, tales actuaciones serán objeto de revisión si son arbitrarias, constitutivas de un craso abuso de discreción, o basadas en una determinación errónea que a su vez haya causado un grave perjuicio a una de los partes. Rebollo López v. Gil Bonar, 148 DPR 673 (1999). Si su actuación se funda en una base razonable que no resulta perjudicial a los derechos sustanciales de una parte, debe prevalecer su criterio. Sierra v. Tribunal Superior, 81 DPR 554 (1959) a la pág. 572.

III.

Dado que la determinación interlocutoria cuya revocación persiguen los peticionarios permite a la Dra. Anibelle Altieri como parte de la prueba pericial que Santiago Torres y SIMED podrá utilizar durante el juicio, podemos ver que la controversia ante nuestra consideración trata sobre la admisibilidad de un perito. Como sabemos, este es uno de aquellos asuntos sobre los que, a modo de excepción, la Regla 52.1 de Procedimiento Civil, *supra*, podremos expedir el auto de *certiorari*.

Así reconocido, procedemos a atender el único señalamiento de error de los peticionarios mediante el cual reclama que el TPI incidió al permitir que la parte demandante presentara como parte de su prueba pericial el testimonio de la Dra. Anibelle Altieri. Más aún, clasifica esta

acción como un abuso de discreción por parte del foro primario y reclama que permitir la prueba sorpresa anunciada a solo 1 día del comienzo del juicio le causa un perjuicio sustancial.

Estudiado el legajo apelativo, no encontramos razón por la cual debamos intervenir con la discreción que según arriba discutimos tienen los tribunales sobre el manejo de sus casos. Aunque, tal como apuntamos, las determinaciones discrecionales del TPI pueden ser objeto de revisión si son arbitrarias, constitutivas de un craso abuso de discreción, o basadas en una determinación errónea que a su vez haya causado un grave perjuicio a una de los partes, no encontramos que los argumentos levantados por los peticionarios ante el foro primario, así como ante este Tribunal de Apelaciones demuestren el perjuicio sustancial que alega le causaría, ni evidencia el abuso de discreción reclamado.[8]

IV.

Por lo antes consignado, denegamos la expedición del auto de *certiorari* peticionado por la parte peticionaria.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[8] El expediente refleja que el informe pericial que la doctora Altieri preparó en el caso fue producido a los peticionarios desde al menos el año 2018. El mismo, también fue incluido como parte de la prueba a utilizarse durante el juicio por el Hospital San Cristóbal en ese año. Por ello, y considerando que Santiago Torres y SIMED han indicado que el testimonio de la perito será sobre el reporte que en su momento preparó para el caso, no hallamos el elemento de sorpresa que le atribuye a dicha prueba.