ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| DON SERGIO GONZÁLEZ RÍOS y DOÑA CELIA CHAPARRO SOTO<br><br>Parte Apelante<br><br>v.<br><br>EX PARTE | KLAN202300909 | *APELACION* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Civil Núm.: AU2022CV00335<br>Salón: 601<br><br>Sobre:<br><br>Expediente de Dominio |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y la Jueza Rivera Pérez.

Rivera Pérez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de enero de 2024.

Comparece la parte apelante, Don Sergio González Ríos y Doña Celia Chaparro Soto (en adelante, los apelantes o los esposos González Chaparro), mediante un recurso de apelación y nos solicita que revoquemos la *Sentencia* dictada el 18 de septiembre de 2023 y notificada el 19 de septiembre de 2023, por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (en adelante, el TPI). Mediante dicha *Sentencia* se desestimó, sin perjuicio, la petición sobre expediente de dominio presentada por los apelantes.

Por los fundamentos que expondremos a continuación se confirma la *Sentencia* apelada.

**I.**

El 24 de mayo de 2022, los apelantes presentaron una petición de expediente de dominio, ante el TPI, de un solar compraron con carácter ganancial el 4 de noviembre de 1963 por la

cantidad de cuarenta dólares ($40.00).[1] La descripción de dicho inmueble, luego de una rectificación de cabida, es la siguiente:

> **---RUSTICA: Solar localizado en el Barrio Jagüey de Aguada, Puerto Rico. Que tiene una cabida superficial de NOVECIENTOS CINCUENTA Y SIETE PUNTO TREINTA Y TRES CINCUENTA Y TRES METROS CUADRADOS (957.3353 M/C), equivalente a cero punto veinticuatro treinta y seis diez milésimas de cuerda (0.2436). Que tiene las siguientes colindancias:----------------------------------------------------------**
>
> **---Colinda por el NORTE en una primera alineación de doce punto treinta y dos metros (12.32 m), en una segunda alineación de seis punto cuarenta y dos metros (6.42 m), en una tercera alineación de cuatro punto cero cuatro metros (4.04 m) y en una cuarta alineación de cinco punto setenta y tres metros (5.73 m) con Carretera Municipal. ------------------------------------**
>
> **---Colinda por el SUR en una primera alineación de veintidós punto ochenta y ocho metros (22.88 m) y en una segunda alineación de once punto cincuenta y cinco metros (11.55 m) con la Sucesión Chaparro. ----------------------------------------------**
>
> **---Colinda por el ESTE en una primera alineación de dieciséis punto cuarenta y seis metros (16.46 m) y en una segunda alineación de ocho punto setenta y nueve metros (8.79 m) con la Sucesión Chaparro. ------------------------------------------------------**
>
> **---Colinda por el OESTE en una alineación de treinta y tres punto sesenta y nueve metros (33.69 m) con la Sucesión Chaparro. ----------------------------------------------------------------**
>
> **---Valor [de] este solar: TREINTA MIL DOLARES ($30,000.00).**
>
> **---Esta finca no consta inscrita en el Registro de la Propiedad, Sección de Aguadilla. ---------------------------------------------------**
>
> **---El solar antes descrito no consta Inscrito en el Registro de la Propiedad.----------------------------------------------------------------**
>
> **---Este solar se halla libre de Cargas excepto una Servidumbre a favor de la Autoridad de Energía Eléctrica de Puerto Rico.[2]--**

Además, los esposos González Chaparro alegaron que en el solar descrito anteriormente ubica un edificio residencial de dos plantas. Los apelantes le requirieron al TPI que declarara Con Lugar el expediente de dominio y le ordenara a la Registradora de la Propiedad, Sección de Aguadilla, inscribir el inmueble y la propiedad concernida a su favor.

---

[1] Apéndice III *Escrito de Apelación*, a las págs. 7-10.
[2] Apéndice IV *Escrito de Apelación*, a las págs. 13-14.

El 17 de octubre de 2022, luego de varios trámites procesales, el TPI desestimó, sin perjuicio, la petición al amparo de la Regla 39.2 de Procedimiento Civil a raíz del incumplimiento de varias órdenes del tribunal por parte de los apelantes. En desacuerdo con dicho dictamen, los esposos González Chaparro solicitaron *Reconsideración*. Ante la denegatoria de la solicitud de reconsideración que fue notificada el 1 de noviembre de 2023, los apelantes recurrieron a este foro apelativo el 29 de noviembre de 2022 referente a dicho dictamen. El 25 de enero de 2023, este tribunal revocó la determinación del TPI y ordenó que se continuaran los procesos.[3] Bajo este mandato, el caso retomó su curso el 3 de abril de 2023 cuando el TPI notificó una *Orden* requiriendo a los apelantes someter documentación pertinente al caso.[4]

Finalmente, el 14 de julio de 2023, se celebró el juicio en su fondo donde se desfiló prueba documental y testifical. El 18 de septiembre de 2023, el TPI dictaminó la *Sentencia* apelada, desestimando, sin perjuicio, la petición presentada por los apelantes al determinar que no cumplieron con los requisitos que establece la Ley Núm. 210- 2015, según enmendada, mejor conocida como la *Ley del Registro de la Propiedad Inmobiliaria*, 30 LPRA sec. 6001 *et seq.*[5] Al respecto, el TPI hizo las siguientes determinaciones de hechos:

> **Luego del desfile de prueba testifical, el Tribunal inquirió sobre si el predio objeto de la Petición había sido segregado, toda vez que la prueba expresó, que el predio se formó de una finca de mayor cabida.** El representante legal de la parte peticionaria expresó que no existía escritura de segregación. En síntesis, expresó, además, que no se requería aprobación de la Oficina de Gerencia de Permisos e indicó que lo que la ley hipotecaria requiere es que la parte Peticionaria pruebe la posesión continua y pacífica por más

---

[3] Véase el caso KLAN202200952.
[4] Véase, entrada Núm. 20 del expediente digital del Caso Núm. AU2022CV00335 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[5] Según surge del dictamen, el TPI fundamentó su determinación en los Artículos 148 y 191 de la Ley Núm. 210- 2015, *supra*.

de diez años con justo título y por más de veinte años sin título alguno.[6] (Énfasis nuestro).

El foro primario, basado en las determinaciones de hechos previamente reseñadas, concluyó que el procedimiento de expediente de dominio no se podía utilizar para obtener la división de una propiedad poseída en común y tampoco podía utilizarse para llevar a cabo una segregación sin la correspondiente autorización de la agencia que regula dicho trámite, pues ello constituiría una segregación ilegal.[7] Por tanto, el TPI apoyó su determinación en lo establecido en el Artículo 148 de la Ley Núm. 210-2015, *supra*, sec. 6291, al consignar en el dictamen que no constituirá justo título un título de dominio sobre una porción *pro indivisa* en una finca no segregada, ni el título que recae sobre una finca segregada de una finca inscrita en el Registro.[8] Además, apoyó sus conclusiones en lo dispuesto en el Artículo 191 de la Ley Núm. 210-2015, *supra*, sec. 6297, que establece que el expediente de dominio se utilizará para justificar el dominio y no equivale a una acción de declaratoria de usucapión.[9] Por tanto, el foro primario declaró No Ha Lugar la petición y desestimó la causa de acción, sin perjuicio, al no cumplir los apelantes con la documentación que evidenciara la segregación del solar.[10]

Inconformes, el 13 de octubre de 2023, los apelantes acudieron ante nos mediante el recurso que nos ocupa y señalaron la comisión del siguiente error:

> Erró el Tribunal de Primera Instancia al desestimar la Petición de Expediente de Dominio objeto de este proceso, fundamentando su decisión en que el Título de Propiedad de los Peticionarios fue segregado de una finca de mayor cabida y que no se sometió evidencia alguna de la Segregación del solar; olvidando que el solar que se quiere inscribir ha sido poseído por los peticionarios, con justo Título por un período consecutivo de cincuenta y nueve años.

---

[6] Apéndice I *Escrito de Apelación*, a la pág. 2.
[7] *Id.*
[8] Apéndice I *Escrito de Apelación*, a las págs. 2-3.
[9] *Id.*
[10] *Id.*

El 26 de octubre de 2023, le concedimos un término de veinte (20) días al Procurador General para presentar su escrito en oposición. El 16 de noviembre de 2023, compareció el Ministerio Público, representado por la Oficina del Procurador General de Puerto Rico, mediante *Escrito en Cumplimiento de Orden.*

Así, con el beneficio de la comparecencia de ambas partes procedemos a resolver.

**II.**

**A.**

Es doctrina legal reiterada que la apreciación de la prueba realizada por los foros de primera instancia debe ser objeto de gran deferencia por los tribunales apelativos. *McConell v. Palau,* 161 DPR 734, 750 (2004). Ello implica que un tribunal apelativo debe abstenerse de intervenir con las determinaciones de hechos y la adjudicación de credibilidad que realizó el foro primario, evitando descartarlas, modificarlas o sustituirlas por su criterio, aun cuando en su evaluación particular hubiera emitido un juicio distinto. *Serrano Muñoz v. Auxilio Mutuo,* 171 DPR 717, 741 (2007); *Argüello v. Argüello,* 155 DPR 62, 78 (2001). El fundamento de esta norma, en cuanto a la prueba testifical, yace en que es el foro primario quien de ordinario se encuentra en mejor posición para aquilatarla, ya que es quien ve y oye a los testigos, pudiendo apreciar sus gestos, titubeos, contradicciones, dudas, vacilaciones y, por consiguiente, formar en su conciencia la convicción en cuanto a si dicen o no la verdad. *Suárez Cáceres v. CEE,* 176 DPR 31, 67-68 (2009). En contraste, los foros apelativos solo contamos con récords mudos e inexpresivos. *Trinidad v. Chade,* 153 DPR 280, 291 (2001). Esta norma, sin embargo, no es absoluta, pudiendo un apelante presentar prueba que demuestre que la apreciación realizada por el foro sentenciador no fue correcta o no está refrendada por la prueba

presentada y admitida. *Serrano Muñoz v. Auxilio Mutuo, supra,* pág. 741.

Se ha reconocido en nuestro ordenamiento jurídico que, "ante la ausencia de error manifiesto, prejuicio, parcialidad o pasión, no se favorece la intervención de los tribunales apelativos para revisar la apreciación de la prueba, la adjudicación de credibilidad o las determinaciones de hechos formuladas por el Tribunal de Primera Instancia". *Santiago Ortiz v. Real Legacy et al.*, 206 DPR 194, 219 (2021). Al respecto, el Tribunal Supremo ha expresado que "la tarea de adjudicar credibilidad y determinar lo que realmente ocurrió depende en gran medida de la exposición del juez o la jueza a la prueba presentada, lo cual incluye, entre otros factores, ver el comportamiento del testigo mientras ofrece su testimonio y escuchar su voz". *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013). De esta manera, "la llamada deferencia judicial está predicada en que los jueces de las salas de instancia están en mejor posición para aquilatar la prueba testifical porque tienen la oportunidad de oír, ver y apreciar el comportamiento del testigo". *Santiago Ortiz v. Real Legacy et al.*, supra, pág. 219; *Meléndez Vega v. El Vocero de PR*, 189 DPR 123, 142 (2013).

Incurre en pasión, prejuicio o parcialidad "aquel juzgador que actúe movido por inclinaciones personales de tal intensidad que adopta posiciones, preferencias o rechazos con respecto a las partes o sus causas que no admiten cuestionamiento, sin importar la prueba recibida en sala e incluso antes de que someta prueba alguna". *Dávila Nieves v. Meléndez Marín*, supra, pág. 782. En cuanto al concepto "error manifiesto", el Tribunal Supremo ha expresado que "se incurre en un error manifiesto cuando la apreciación de esa prueba se distancia de la realidad fáctica o es inherentemente imposible o increíble". *Pueblo v. Toro Martínez*, 200 DPR 834, 859 (2018), citando a *Pueblo v. Irizarry*, 156 DPR 780, 816,

(2002). Por lo tanto, la facultad de los tribunales apelativos para sustituir el criterio de los tribunales de instancia se reduce a aquellas circunstancias en las que, a la luz de la prueba admitida, "no exista base suficiente que apoye su determinación". *Gómez Márquez et al. v. El Oriental*, 203 DPR 783, 794 (2020); *Pueblo v. Toro Martínez*, supra, pág. 859. Como es conocido, las diferencias de criterio jurídico no cumplen con el referido estándar de revisión. *Gómez Márquez et al. v. El Oriental*, supra.

Por último, se ha señalado que los tribunales de primera instancia gozan de amplio margen de discreción para llevar a cabo los procedimientos que presiden. *Citibank N.A. v. Cordero Badillo*, 200 DPR 724 (2018). Véase, además, *Pueblo v. Santiago Cruz*, 205 DPR 7 (2020). Esa discreción se ha definido como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005); *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). En consecuencia, los tribunales apelativos —salvo contadas excepciones— no debemos intervenir con la forma en que los foros primarios manejen sus casos. Véase, *Citibank et al. v. ACBI et al.*, supra, pág. 736. Véase también, *Ramos Milano v. Wal-Mart*, 168 DPR 112, 121 (2006). Por eso, se ha señalado que aquellas determinaciones que un tribunal inferior haga en el sano ejercicio de su discreción, "deben ser respetadas por los foros apelativos, a menos, claro está, que se demuestre arbitrariedad, un craso abuso de discreción, una determinación errónea que cause grave perjuicio a una de las partes, o la necesidad de un cambio de política procesal o sustantiva". *Citibank et al. v. ACBI et al.*, supra; *Ramos Milano v. Wal-Mart*, supra*; Rebollo López v. Gil Bonar*, 148 DPR 673, 678 (1999).

**B.**

Es norma trillada de derecho que las partes tienen el deber de observar    rigurosamente    las    disposiciones    reglamentarias

establecidas para la forma, contenido, presentación y notificación de los escritos ante nos. *Hernández Jiménez et als. v. AEE et al.*, 194 DPR 378, 382-383 (2015). Ello ante la necesidad de colocar a los tribunales apelativos en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tiene ante sí. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013).

Nuestro reglamento exige a la parte que impugna la apreciación de la prueba oral no solo informar la necesidad de presentar la reproducción de ella, sino también el método que utilizará en la etapa apelativa ya sea transcripción, exposición estipulada o narrativa. Esto, pues en caso de no reproducirlos, el foro revisor no estará en posición de revisar el dictamen recurrido ni podrá determinar si la decisión estaba o no apoyada en la evidencia sometida por las partes. *Pueblo v. Valentín Rivera*, 197 DPR 636, 639 (2017); *Hernández v. San Lorenzo Const.*, 153 DPR 405,422 (2011).

**III.**

En el primer y único señalamiento de error del recurso que nos ocupa, los apelantes alegan que el fundamento por el que el TPI desestimó la petición de expediente de dominio es errado, esencialmente por un requisito que consideran no están obligados a cumplir puesto que no hay evidencia que lo sostenga. No les asiste la razón. Veamos.

En la discusión de su señalamiento de error, los apelantes argumentan que la sentencia no contiene determinaciones de hechos ni conclusiones de derecho,[11] que al tratarse de un solar que han poseído por unos 60 años este no está sujeto a las disposiciones de la Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico[12] y que no hay evidencia de que la finca en cuestión haya sido parte de una de mayor cabida.[13] En cuanto a la

---

[11] *Escrito de Apelación*, a la pág. 6 y 9.
[12] *Escrito de Apelación*, a la pág. 6.
[13] *Escrito de Apelación*, a las págs. 7-8.

aplicación de la Ley Núm. 210-2015, *supra,* discute también que: "El principal error de la sentencia aquí apelada es sostener que la ley inmobiliaria del 2015 se puede aplicar retroactivamente al día 4 de noviembre de 1963."[14]

Al respecto, coincidimos con la Oficina del Procurador General en cuanto a que el recurso de los apelantes está dirigido a cuestionar la apreciación de la prueba realizada por el foro primario, particularmente sobre la prueba testifical.[15] Esto se sostiene en la determinación del TPI de la *Sentencia* apelada en la cual expresó lo siguiente:

> **Luego del desfile de prueba testifical, el Tribunal inquirió sobre si el predio objeto de la Petición había sido segregado, toda vez que la prueba expresó, que el predio se formó de una finca de mayor cabida.**[16] (Énfasis suplido.)

No obstante, los apelantes no solicitaron la autorización, ni anejaron la regrabación o transcripción de la prueba oral vertida en el juicio. Esta falta de diligencia provoca que no estemos en posición de determinar si el TPI erró al apreciar la prueba oral y documental que tuvo ante sí. Por tal motivo, resulta evidente que la transcripción de la prueba oral constituía pieza clave para poder corroborar las alegaciones realizadas por la parte apelante en su recurso de apelación. Sin embargo, los apelantes no la presentaron. Por consiguiente, la decisión que hoy tomamos está basada en el análisis de las determinaciones de hechos y conclusiones de derecho que constan en la *Sentencia vis a vis* con la prueba documental que obra en el expediente. En ausencia de error manifiesto, perjuicio, parcialidad o pasión, no intervendremos con la apreciación de la prueba y las determinaciones de hechos formuladas por el foro primario. Confirmamos la disposición del dictamen apelado por no ser contrario a derecho.

---

[14] *Escrito de Apelación,* a la pág. 9.
[15] *Escrito en Cumplimiento de Orden* a la pág. 1.
[16] Véase nota al calce 5.

Por último, consideramos imperativo señalar que el argumento de los apelantes en cuanto a la no aplicabilidad de la Ley Núm. 210-2015, *supra,* en el caso ante nos es errado. El Artículo 308 de la citada Ley expresamente establece que toda petición de expediente de dominio que se encuentre en trámite ante los tribunales de justicia a la fecha en que entre en vigor dicha Ley, se regirá por la legislación anterior sobre la materia. Esto implica que toda petición presentada luego de su vigencia, esto es a partir del 7 de marzo de 2016, tiene que regirse bajo lo establecido en esta. La petición de expediente de dominio que da inicio al caso fue presentada el 24 de mayo de 2022, por lo que la Ley en cuestión sí es de aplicación. Por lo tanto, el foro primario no erró en sustentar su decisión al amparo de lo establecido en la Ley Núm. 210-2015, *supra,* y los requisitos que exige para que se pueda conceder un expediente de dominio.

**IV.**

Por los fundamentos antes expuestos, se confirma la *Sentencia* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones