Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel II

| | | |
|---|---|---|
| EDITH LINA RODRÍGUEZ CANDELARIO, DAMARY ENID RIVERA AVILÉS, JOSÉ RAÚL ARROYO VÁZQUEZ, RAFAEL COLÓN COLLAZO, ROBERTO CARABALLO MARCUCCI, ARACELIS LÓPEZ NIEVES, ÉRICA GARCÍA BONILLA, ROSALI CRUZ CRUZ, YOLANDA TOLEDO SANTOS, CATHERINE COLÓN ECHEVARRÍA, JACQUELINE RÍOS PEÑA, HERNÁN OLIVERA GONZÁLEZ y OTROS<br>            Recurridos<br><br>v.<br><br>QUALITY HEALTH SERVICES OF PUERTO RICO, INC. H/N/C HOSPITAL SAN CRISTÓBAL<br>            Peticionarios<br><br>HOSPITAL MENONITA PONCE, INC.<br>            Codemandada | KLCE202301412 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Ponce<br><br>Caso Núm. PO2023CV01769<br><br>Sobre: Despido Injustificado (Ley Núm. 80), Procedimiento Sumario bajo Ley Núm. 2 |

Panel integrado por su presidente, el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

Adames Soto, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 27 de febrero de 2024.

Comparece Quality Health Services of Puerto Rico Inc., que hacía negocios como Hospital San Cristóbal, (San Cristóbal o peticionario en adelante), a través de recurso de *certiorari*, solicitando que revoquemos tres *Resoluciones* emitidas por Tribunal de Primera Instancia, Sala Superior de Ponce (TPI), el 21 de noviembre de 2023. En el contexto de un pleito laboral, mediante tales resoluciones interlocutorias el foro recurrido denegó las siguientes peticiones de San Cristóbal: (1) para paralizar el descubrimiento de prueba; (2) para que se dejara sin efecto

un aviso de toma de deposición, y; (3) para que fuera expedida una *Orden Protectora.*

## I. Resumen del tracto procesal

El 14 de junio de 2023, las señoras Edith Lina Rodríguez Candelario, Damary Enid Rivera Avilés, Aracelis López Nieves, Érica García Bonilla, Rosali Cruz Cruz, Yolanda Toledo Santos, Catherine Colón Echevarría, Jacqueline Ríos Peña y los señores José Raúl Arroyo Vázquez, Rafael Colón Collazo, Roberto Caraballo Marcucci y Hernán Olivera González (en conjunto, los recurridos), presentaron una *Demanda* por despido injustificado contra San Cristóbal, bajo el proceso expedito previsto por la Ley 2-1961. Alegaron haber sido despedidos sin justa causa por el peticionario, por lo cual solicitaron el pago de la indemnización correspondiente, a tenor con la *Ley Sobre Despidos Injustificados,* Ley Núm. 80 de 30 de mayo de 1976, 29 LPRA sec. 185a *et seq.* (Ley Núm. 80). En específico, adujeron que el 30 de noviembre de 2022, San Cristóbal les notificó a los empleados del hospital que había vendido la mayoría de los activos al Hospital Menonita de Ponce (el Menonita). Aseveraron que, al momento de dicho despido, no existía un convenio colectivo vigente entre las partes. Esgrimieron que, por los términos de la transacción acontecida entre San Cristóbal y Menonita, el asunto versaba sobre un traspaso de negocio en marcha, tornándose este último en patrono sucesor, correspondiéndole asumir las obligaciones ante los recurridos. Finalmente, argumentaron que San Cristóbal, ni Menonita, cumplieron con el Artículo 6 de la Ley Núm. 80, que dispone que; *en caso de que el nuevo adquiriente opte por no continuar con los servicios de todos o algunos de los empleados y no advenga en su consecuencia patrono de éstos el anterior patrono responderá por la indemnización provista por esta ley el comprador deberá*

*retener la cantidad correspondiente del precio de venta convenido respecto al negocio.*

A los pocos días, el 19 de junio de 2023, los recurridos presentaron una *Moción solicitando cambio a procedimiento ordinario y expedición de emplazamientos enmendados.* Mediante *Resolución* de 22 de junio de 2023, el foro primario concedió dicha solicitud, convirtiendo el proceso en uno ordinario.

Luego, el 21 de agosto de 2023, Menonita presentó *Contestación a la Demanda.* En esencia, adujo que nunca fue patrono de los recurridos, por tanto, no se le podía atribuir su despido. En consonancia, sostuvo que los recurridos carecían de una causa de acción en su contra, pues no operaba la figura del patrono sucesor a este, al estos ser despedidos en una fecha anterior a que Menonita se convirtiera en el dueño y tomara posesión de los activos de San Cristóbal. Concluyó que cualquier reclamación relacionada a la terminación de los empleos de los recurridos, recaía exclusivamente en contra de San Cristóbal, por haber sido el patrono de estos.

Además, Menonita afirmó en su contestación a demanda, que los recurridos eran empleados unionados representados por la Unidad Laboral de Enfermeras(os) y Empleados de la Salud, (ULESS), mediante Convenio Colectivo. A raíz de lo cual, arguyó que dicho Convenio Colectivo había incorporado un procedimiento de quejas, agravios y arbitraje para dilucidar cualquier tipo de controversias, incluyendo la terminación del empleo, de manera que el TPI carecía de jurisdicción para adjudicar la reclamación de los recurridos, pues correspondía cumplir con los términos de lo acordado por las partes en el referido Convenio. Por igual razón, esgrimió que la Ley Núm. 80, 29 LPRA sec. 185n (e), resultaba inaplicable al caso, pues dicho estatuto expresamente

excluye a los empleados cubiertos por un convenio colectivo de su aplicación.

Por su parte, el 24 de agosto de 2023, San Cristóbal presentó su *Contestación a Demanda.* Tal y como lo hizo Menonita, aseveró que, existiendo un Convenio Colectivo vigente entre las partes, la Ley Núm. 80 resultaba inaplicable. En la alternativa, afirmó que los recurridos fueron despedidos por justa causa, tras el cierre permanente de las operaciones del Hospital San Cristóbal, por lo que no les adeudaba cantidad alguna.

Atendidos varios incidentes procesales, no pertinentes al asunto ante nuestra atención, el 19 de octubre de 2023, San Cristóbal presentó una *Moción de Sentencia Sumaria.* En su moción dispositiva, el peticionario enumeró una serie de hechos, que juzgó incontrovertidos, e incluyó la documentación que entendía los probaba. A partir de tales hechos propuestos como incontrovertidos, adujo que no existían controversias de hechos que impidieran la aplicación del derecho correspondiente, y desestimación de la *Demanda.* En específico, toda la enumeración de los hechos propuestos como incontrovertidos, y posterior discusión del derecho correspondiente, se concentró en la teoría legal sobre la vigencia del Convenio Colectivo al que estaban adheridos los recurridos, y la consecuente inaplicabilidad a la demanda de una causa de acción bajo Ley Núm. 80. Además, respecto a las reclamaciones de las señoras Edith Lina Rodríguez Candelario, Aracelis López Nieves, Rosalí Cruz Cruz y el señor Rafael Colón Collazo, sostuvo que no correspondía ser atendidas por el TPI, pues el campo estaba ocupado, en la medida que estos sometieron sus reclamaciones ante la Junta Nacional de Relaciones de Trabajo, alegando haber sido víctimas de discrimen sindical por los mismos hechos alegados en la *Demanda.*

El mismo día en que presentó la moción descrita en el párrafo que precede, San Cristóbal también presentó *Moción en solicitud de orden*

*para paralizar el descubrimiento de prueba.* Según se advierte en el título de dicha moción, esta parte solicitó que el TPI ordenara la paralización del descubrimiento de prueba, hasta que fuera atendida la *Moción de Sentencia Sumaria* instada. Como fundamento para dicha solicitud, el peticionario arguyó que, de ser declarada ha lugar la referida moción de sentencia sumaria, dispondría del caso en su totalidad, lo cual haría innecesario cualquier otro proceso ante el foro recurrido, evitando que las partes incurrieran en gastos, tiempo y recursos innecesarios. Por último, peticionó que, en caso de que el TPI denegara la *Moción de Sentencia Sumaria,* le concediera un término razonable para contestar el *Requerimiento de Producción de Documentos* cursado por los recurridos.

Al día siguiente, el TPI emitió *Orden,* concediéndole un término de 10 días a los recurridos para replicar a la *Moción en Solicitud de Orden para paralizar el descubrimiento de prueba.*

Inmediatamente, los recurridos presentaron *Moción en oposición a paralización de descubrimiento de evidencia y solicitando término para* [sic] *adicional para oponerse a la sentencia sumaria.* Arguyeron que la solicitud de paralización presentada era un intento por San Cristóbal para ocultarles todas las acciones que se realizaron para firmar un nuevo convenio colectivo. Adujeron, que los representantes legales de San Cristóbal en esta causa de acción, Bufete Pizarro González, eran los mismos abogados que se encontraban negociando un nuevo convenio colectivo, una vez éste expiró. Afirmaron que San Cristóbal no se estaba conduciendo de buena fe y actuaba contra sus propios actos, pues le habían representado a los empleados que no existía un convenio colectivo vigente, mientras que ahora afirman lo contrario. Que, precisamente, la solicitud de descubrimiento de prueba tenía como propósito obtener documentación sobre la vigencia o no del referido convenio colectivo. Por tanto, le solicitó al foro *a quo* que le ordenara a

San Cristóbal la entrega de los documentos solicitados en el descubrimiento de prueba.

Más adelante, el 23 de octubre de 2023, Menonita presentó una *Moción uniéndose a moción de sentencia sumaria y a solicitud de paralización de procedimientos sobre descubrimiento de prueba,* que, por su título, no precisa que aquí detallemos.

Visto lo anterior, el TPI notificó *Resolución,* el 20 de octubre de 2023, declarando *No Ha Lugar* la solicitud para paralizar el descubrimiento de prueba y, ordenando que, en un término de 20 días, se descubriera la prueba solicitada por los recurridos. Además, el foro primario dispuso que una vez le fueran entregada la documentación ordenada a los recurridos, estos tendrían un término de 20 días para presentar contestación a la *Moción de Sentencia Sumaria* pendiente.

Inconforme, el 6 de noviembre de 2023, San Cristóbal presentó *Moción de Reconsideración.* En esta insistió que no existía razón para continuar el descubrimiento de prueba, pues, al adjudicarse el derecho correspondiente a la moción de sentencia sumaria pendiente, surgiría que los recurridos no tienen causa de acción válida, careciendo de jurisdicción el Tribunal sobre la materia para continuar los procesos. En consecuencia, solicitó nuevamente que se paralizara el descubrimiento de prueba, hasta que el foro recurrido resolviera la *Moción de Sentencia Sumaria* o, en la alternativa, limitara dicho descubrimiento de prueba a las controversias planteadas en la solicitud de sentencia sumaria.

Ante ello, los recurridos presentaron *Moción en oposición a reconsideración para evitar un fracaso de la justicia.*

Mientras tanto, el 17 de noviembre de 2023, San Cristóbal presentó una *Solicitud de Orden Protectora.* Obedeció esta *Solicitud* a que, el 1 de noviembre de 2023, los recurridos le cursaron un aviso de toma de deposición al licenciado José R. González Nogueras, abogado de

San Cristóbal, como alegado portavoz del peticionario en la negociación colectiva. Opuestos a la referida citación de deposición dirigida a su abogado, los peticionarios sostuvieron ante el tribunal *a quo* que tal citación resultaba opresiva, onerosa y contraria a derecho. Añadió San Cristóbal, que el aviso de toma de deposición hacia su abogado no estaba acompañado de fundamento alguno que justificara que fuera necesario, ni los recurridos habían cumplido con el elemento de justa causa que requiere nuestro ordenamiento jurídico para deponer a un abogado de una parte. Elaboró acerca de que el licenciado José R. González Nogueras no podía aportar prueba sobre ningún hecho relevante para resolver la controversia medular del caso, toda vez que el asunto trataba de una interpretación contractual. Sostuvo, que el aviso de toma de deposición no es el mecanismo apropiado para citar a una persona que no es parte del pleito, pues lo que procede en derecho en tales circunstancias es cumplir con la Regla 40.2 de Procedimiento Civil, 30 LPRA Ap. V, R. 40.2

Ese mismo día, el peticionario también presentó *Moción para que se deje sin efecto aviso de toma de deposición.* En resumen, San Cristóbal expuso que los recurridos le cursaron un correo electrónico con un aviso de deposición dirigido a la señora Candie Rodríguez Ruiz, ex directora de Recursos Humanos del peticionario. Esgrimieron que los recurridos no cumplieron con el debido proceso de ley para requerirle a la señora Candie Rodríguez Ruiz que compareciera a una deposición, dado que correspondía que diligenciaran una citación que se ajustara a la Regla 40.2 de Procedimiento Civil, *supra,* y ello no fue el caso.

En vista de lo anterior, el 21 de noviembre de 2023, el TPI emitió las tres Resoluciones de las cuales recurre ante nosotros San Cristóbal, como dijimos, declarando *No Ha Lugar*: (1) la *Moción de Reconsideración;*

(2) la *Moción para que se dicte orden protectora*; y (3) la *Moción para que se deje sin efecto aviso de toma de deposición.*

En desacuerdo, San Cristóbal presentó el recurso de *certiorari* ante nuestra consideración, señalando la comisión de los siguientes errores:

> **Primer error:** Erró el Honorable Tribunal de Primera Instancia al negarse a dejar sin efecto el Aviso de Toma de Deposición a la Sra. Candie Rodríguez Ruiz, quien no es parte en el presente pleito, en la medida en que ésta no fue citada de conformidad con las Reglas de Procedimiento Civil.

> **Segundo error:** Erró el Honorable Tribunal de Primera Instancia al negarse a expedir una Orden Protectora a favor del Lcdo. José R. González Nogueras, abogado de récord de San Cristóbal, a quien se pretende deponer habiendo métodos menos onerosos para descubrir prueba y sin haberse demostrado, previa y adecuadamente, la existencia de justa causa para ello.

> **Tercer error:** Erró el Honorable Tribunal de Primera Instancia al declarar No Ha Lugar la Moción de Reconsideración de San Cristóbal para paralizar el descubrimiento de prueba hasta tanto se resuelva la Moción de Sentencia Sumaria de la peticionaria-demandada, toda vez que dicha moción dispositiva contiene un planteamiento de falta de jurisdicción que debe ser atendido con preferencia.

Por su parte, el 21 de diciembre de 2023, los recurridos presentaron *Oposición a Auto de Certiorari.*

Contando con la comparecencia de las partes, procedemos a exponer la normativa jurídica aplicable.

## II. Exposición de Derecho

### A. *Certiorari*

El auto de *certiorari* permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *800 Ponce de León Corp. v. American International Insurance,* 205 DPR 163, 174 (2020); *Municipio Autónomo de Caguas v. JRO Construction,* 201 DPR 703, 710 (2019); *Medina Nazario v. McNeil Healthcare LLC.,* 194 DPR 723, 728 (2016). Es, en esencia, un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *García v. Padró,* 165 DPR 324, 334

(2005). La expedición del auto descansa en la sana discreción del tribunal, y encuentra su característica distintiva, precisamente, en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Municipio Autónomo de Caguas v. JRO Construction,* supra*,* pág. 711. El concepto discreción implica la facultad de elegir entre diversas opciones. *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012). Claro, la discreción judicial no es irrestricta y ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Municipio Autónomo de Caguas v. JRO Construction,* supra*,* págs. 711-712; *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52, establece que el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por vía de excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios evidenciarios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

En virtud de lo anterior, para poder ejercitar debidamente nuestra facultad revisora sobre un caso, primeramente, debemos determinar si el asunto del cual se recurre se encuentra dentro de alguna de las materias contempladas en la Regla 52.1, *supra*. De ser así, entonces procede

evaluar si a la luz de los criterios enumerados en la Regla 40[1] de nuestro Reglamento, 4 LPRA Ap. XXII-B, se justifica nuestra intervención. Con todo, se ha de considerar que ninguno de los criterios contenidos en la Regla 40 citada, es determinante por sí solo para el ejercicio de nuestra jurisdicción. *García v. Padró, supra.*

En este ejercicio, nuestro máximo foro ha expresado que un tribunal apelativo no intervendrá con las determinaciones interlocutorias discrecionales procesales de un tribunal sentenciador en ausencia de pasión, prejuicio, parcialidad o error manifiesto. *Argüello v. Argüello*, 155 DPR 62, 78-79 (2001). Cónsono con esto, el mismo alto foro ha advertido que nuestro ordenamiento jurídico desfavorece la revisión de las determinaciones interlocutorias. *Medina Nazario v. Mcneil Healthcare LLC*, supra, pág. 730.

### B. Discreción judicial

La discreción es el más poderoso instrumento reservado a los jueces para hacer justicia. *Rodríguez Ramos v. Pérez Santiago*, 161 DPR 637, 651 (2004); *Banco Metropolitano v. Berríos*, 110 DPR 721, 725 (1981). En tal discreción es que se determina las intervenciones de este Tribunal sobre determinaciones interlocutorias realizadas por el Tribunal de Primera Instancia guiados, ante todo, por el principio rector de que

---

[1] A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos, son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberá ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

nuestro tribunal no intervendrá con las determinaciones interlocutorias, discrecionales y procesales de un tribunal sentenciador en ausencia de pasión, perjuicio, parcialidad o error manifiesto. *Citibank, N.A. v. Cordero Badillo*, 200 DPR 724, 736 (2018); *Argüello v. Argüello*, supra; *Meléndez v. Caribbean Intl. News*, 151 DPR 649, 664-665 (2000).

Abundando en lo anterior, el Tribunal Supremo ha subrayado que:

> **[L]os tribunales de origen son los que están en mejor posición para determinar cómo se debe manejar un caso que esta ante su consideración**. Las determinaciones que haga en el sano ejercicio de su discreción deben ser respetadas por los foros apelativos, a menos, claro está, que se demuestre arbitrariedad, un craso abuso de discreción, una determinación errónea que cause grave perjuicio a una de las partes, o la necesidad de un cambio de política pública procesal o sustantiva. Esta norma fortalece el principio de que serán los tribunales de origen los que manejen los casos que les son presentados. *Rebollo López v. Gil Bonar*, 148 DPR 673, 678 (1999). (Énfasis suplido).

En concordancia, al Tribunal Supremo reconocerle al foro primario amplia discreción para pautar y conducir la tramitación de los procedimientos ante su consideración, los tribunales apelativos debemos abstenernos de tratar de administrar o manejar la dirección regular de sus casos. Partiendo de tales premisas, resulta clara la discreción que cobija al TPI al momento de ordenar los asuntos concernientes al proceso de descubrimiento de prueba, para lo cual hemos de mostrar gran deferencia. *Citibank, N.A. v. Cordero Badillo,* supra*; Mejías et al. v. Carrasquillo et al.,* 185 DPR 288, 306-307 (2012); *García v. Asociación,* 165 DPR 311, 320 (2005); *Vives Vázquez v. ELA,* 142 DPR 117, 141-142 (1996).

### C. Descubrimiento de Prueba

El descubrimiento de prueba es el mecanismo utilizado por las partes para *obtener hechos, título, documentos u otras cosas que están en poder del demandado o que son de su exclusivo conocimiento y que son necesarias [...] para hacer valer sus derechos. McNeil Healthcare, LLC v. Municipio de Las Piedras,* 206 DPR 659, 672 (2021), citando a I. Rivera

García, Diccionario de términos jurídicos, 3ra ed. rev., San Juan, Ed. LexisNexis, 2000, pág. 70. Dicho mecanismo persigue cuatro (4) objetivos fundamentales para el cabal desenvolvimiento del proceso judicial, a saber: (1) precisar los asuntos en controversia; (2) obtener evidencia para ser utilizada en el juicio; (3) facilitar la búsqueda de la verdad; y (4) perpetuar evidencia. *Rivera Gómez v. Acros Dorados Puerto Rico, Inc.,* 2023 TSPR 65; *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 490 (2019); *Berríos Falcón v. Torres Merced*, 175 DPR 962, 971 (2009). De esta forma, se coloca al juzgador de los hechos *en **la mejor posición posible para resolver justamente.*** *E.L.A. v. Casta*, 162 DPR 1, 9 (2004) (Énfasis nuestro).

En nuestro ordenamiento jurídico, el descubrimiento de prueba está regulado por la Regla 23 de las de Procedimiento Civil, 32 LPRA Ap. V. R. 23. Con relación al alcance del descubrimiento de prueba, este cuerpo normativo dispone lo siguiente:

> Las partes podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente, ya se refiera a la reclamación o defensa de cualquier otra parte, incluso la existencia, descripción, naturaleza, custodia, condición y localización de cualesquiera libros, información almacenada electrónicamente, documentos u otros objetos tangibles, y la identidad y dirección de personas que conozcan hechos pertinentes. No constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible. *Íd.*

En consonancia, ha sido reiterado que el procedimiento para descubrir prueba en la litigación civil está concebido como uno amplio y liberal. *Rivera Gómez v. Acros Dorados Puerto Rico, Inc.*, supra; *Scotiabank v. ZAF Corp. et al.*, supra; *Berríos Falcón v. Torres Merced*, supra; *E.L.A. v. Casta*, supra, en pág. 13; *García Negrón v. Tribunal Superior*, 104 DPR 727, 738 (1976). Ahora bien, lo anterior no significa que el descubrimiento de prueba sea irrestricto o ilimitado. De la regla transcrita se desprenden dos limitaciones al descubrimiento de

prueba: (1) información privilegiada, y (2) pertinencia. *Scotiabank de Puerto Rico v. ZAF Corporation,* supra en la pág. 491. Así, una parte no puede pretender descubrir evidencia privilegiada o impertinente bajo el pretexto de la liberalidad del descubrimiento.

En lo que concierne a la deposición como mecanismo de descubrimiento de prueba, la Regla 27.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 27.1, no impone restricciones sobre las personas a las que se le puede tomar testimonio. No obstante, nuestro Alto Foro ha establecido ciertas condiciones **cuando se trata del testimonio del abogado de la parte contraria**. En *Ades v. Zalma,* 115 DPR 514, 523 (1984), el Tribunal Supremo indicó que *reconocer de manera absoluta la prerrogativa de llamar a deponer a un abogado litigante contrario, para que declare sobre aspectos del caso y produzca determinados documentos,* ***puede convertirse en un medio mortificante, abusivo y opresivo no sólo hacia el abogado, sino hacia su representado***. Asimismo, mencionó que *podría tener la consecuencia de que un número sustancial, si no todas las preguntas formuladas, fueran apropiadamente objetadas bajo el fundamento del privilegio abogado-cliente,* trastocando así el *curso ordinario de la litigación normal* y *causaría dilaciones innecesarias.* (Énfasis provisto). *Íd.,* en las págs. 523-524. Ante ello, el Tribunal Supremo adoptó *como regla reconocer* **cualificadamente** *el derecho a tomar una deposición de un abogado de una parte,* ***siempre que previa y adecuadamente se establezca justa causa***. *Íd.,* en la pág. 524. (Énfasis nuestro). Lo anterior, ***exige un estricto y ponderado escrutinio de los tribunales***. (Énfasis provisto). *Íd.* De esta manera, el foro judicial *debe tratar de detectar* ***si la información que se busca descubrir a través del abogado es susceptible de ser obtenida de otras personas o medios menos onerosos y complejos***. (Énfasis provisto). *Íd.* De existir otras fuentes de información accesibles y aptas,

se debe prescindir de deponer al abogado. *Íd.* Si, por el contrario, se establece *satisfactoriamente justa causa, el abogado puede ser requerido a deponer. Íd.* Cabe resaltar que, el examen y descubrimiento se puede extender *a toda materia pertinente, no privilegiada y que no sea producto de su trabajo. Íd.*

## III. Aplicación del Derecho a los hechos

Según hemos indicado, San Cristóbal solicita la revisión de tres determinaciones interlocutorias del TPI, en las que fueron denegadas las siguientes mociones del peticionario: (1) la paralización del descubrimiento de prueba; (2) *Moción para que se deje sin efecto aviso de toma de deposición* de la señora Candie Rodríguez Ruiz*;* y (3) la *Orden Protectora* para que no se permita deponer al Lcdo. José R. González Nogueras.[2] A continuación, atenderemos en conjunto los primeros dos asuntos enumerados, para luego disponer sobre el tercero.

a.

San Cristóbal le imputa error al TPI al permitir la toma de una deposición a la señora Candie Rodríguez Ruiz, ex directora de Recursos Humanos del peticionario, sin presuntamente haber sido citada conforme a las Reglas de Procedimiento Civil. Además, esta misma parte aduce que el foro primario incidió al no ordenar la paralización del descubrimiento de prueba, hasta tanto fuera resuelta la *Moción de Sentencia Sumaria* presentada, pues esta contiene un planteamiento jurisdiccional que, de ser acogido, dispondría de la totalidad del caso.

Conforme destacamos en la exposición de derecho, las determinaciones del foro primario relacionadas a cómo se conduce el descubrimiento de prueba se encuentran concebidas dentro de la amplia

---

[2] Se permite acumular en un mismo recurso apelativo varias determinaciones interlocutorias del foro primario, emitidas en un mismo caso, condicionado a que el recurso se presente oportunamente en alzada. *Silva Barreto v. Tejada Martell,* 199 DPR 311, 321 (2017). Por cuanto tales requerimientos se cumplen en el caso ante nuestra consideración, es que hemos accedido a la revisión de tres resoluciones interlocutorias mediante un solo recurso de *certiorari.*

discreción que nuestro Tribunal Supremo le reconoce para conducir tales trámites. Por ello, en ausencia de circunstancias especiales, como foro intermedio debemos conceder deferencia hacia la manera en que los foros primarios ordenan los trámites procesales ante su consideración, absteniéndonos de intervenir, salvo que el recurso ordenado revele abuso de discreción. *Rebollo López v. Gil Bonar,* supra.

Al examinar estos dos señalamientos de error, juzgamos que no ubican dentro de aquellas circunstancias que justificarían nuestra intervención con las determinaciones discrecionales del TPI al conducir los asuntos relativos al descubrimiento de prueba. Es decir, no contemplamos o atribuimos abuso de discreción al TPI al disponer de estos asuntos, que más bien responden al manejo del caso. *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434 (2013).

En este sentido, no atisbamos el mínimo indicio de arbitrariedad por parte del foro recurrido al permitir que continúe el descubrimiento de prueba, con el cual se procura que los recurridos estén en verdadera posición de oponerse a la moción de sentencia sumaria instada por los peticionarios. Sobre lo mismo, a todas luces las materias que interesan descubrir los recurridos refieren precisamente a la controversia central planteada por los peticionarios en su moción de sentencia sumaria, atinente a la vigencia o no del convenio colectivo. Tampoco intervendremos con el curso decisorio elegido por el foro recurrido en términos de la autorización para proseguir con la deposición de la señora Rodríguez Ruiz. Vista la posición que esta ocupaba en San Cristóbal, y las presuntas aseveraciones contradictorias que se le imputan respecto a la vigencia del convenio colectivo, (asunto que en modo alguno estamos dirimiendo), no podemos llegar a la conclusión de que la determinación recurrida al respecto exhiba el *craso abuso de discreción* que justificaría nuestra intervención.

b.

No obstante, sí estimamos que el foro primario debió intervenir con la solicitud de los recurridos para deponer a la representación legal de San Cristóbal. Como indicamos, San Cristóbal asevera que el TPI se equivocó al negarse a expedir una orden protectora a favor del Lcdo. José R. González Nogueras, su abogado en este pleito, a quién los recurridos pretenden deponer. Afirma esto arguyendo, que existen métodos menos onerosos para descubrir la prueba pretendida a través del abogado, además de requerirse una determinación previa del Tribunal sobre la existencia de justa causa para conceder dicha deposición. Tiene razón.

Sin pretender reiterar sobre la jurisprudencia ya citada, aplicable a este señalamiento, nuestro Tribunal Supremo adoptó como regla *reconocer* **cualificadamente** *el derecho a tomar una deposición de un abogado de una parte,* **siempre que previa y adecuadamente se establezca justa causa**. Esto, **exige un estricto y ponderado escrutinio de los tribunales**. (Énfasis provisto). *Ades v. Zalma,* supra. Es decir, por virtud del clarísimo precedente establecido en la Opinión citada, la petición para deponer a un abogado que funge como representación legal de una de las partes, debe sopesarse por el foro primario tomando en consideración los presupuestos particulares allí identificados por nuestro Tribunal Supremo.

Entonces, al examinar el expediente ante nuestra consideración, resulta patente que, antes de autorizar la deposición del abogado de San Cristóbal, el TPI **no** llevó a cabo el *estricto y ponderado escrutinio* que requiere *Ades v. Zalma,* supra, para determinar si existe justa causa. Es decir, no hay rastro indicativo de que el foro primario sopesara si, *la información que se busca descubrir a través del abogado es susceptible de ser obtenida de otras personas o medios menos onerosos y complejos. Íd.* Tampoco vemos que el foro recurrido hubiese dirimido, *si existen otras*

*fuentes de información accesibles y aptas,* que permitan prescindir de deponer al abogado. *Íd.*

Claro, lo que indicamos en el párrafo anterior no establece una imposibilidad categórica de que el referido abogado pueda ser eventualmente depuesto. Sin embargo, para el foro primario estar en posición de autorizar a tomarle una deposición al Lcdo. José R. González Nogueras, resulta necesario que los recurridos demuestren que se cumplen los requerimientos específicamente definidos en *Ades v. Zalma,* supra. Este ejercicio judicial aún no ha ocurrido, *ergo,* el TPI carecía de la información básica para autorizar la deposición del abogado, e incidió al así hacerlo.

En consecuencia, si los recurridos aún interesaran deponer al Lcdo. José R. González Nogueras, primero deberán demostrarle al TPI que se cumplen con las condiciones delineadas en *Ades v. Zalma,* supra. Claro, de ser este el caso, el foro primario tendría que concederle oportunidad al peticionario para oponerse a tal solicitud.

**Modificamos** la *Orden* del Tribunal en cuanto a la *Orden Protectora,* y ordenamos que se realice una vista para dilucidar el asunto, *si en algún momento los recurridos se dispusieran a deponer al licenciado José R. González Nogueras.*

## IV. Parte dispositiva

Por los fundamentos expuestos, denegamos expedir el auto de *certiorari* en cuanto a las *Resoluciones* denegando la paralización del descubrimiento de prueba y declarando *No ha Lugar* la *Moción para que se deje sin efecto aviso de toma de deposición.*

Sin embargo, decidimos expedir el auto de *certiorari* y modificamos la *Resolución* que denegó la *Orden Protectora* para evitar deponer al Lcdo. José R. González Nogueras. De conformidad con lo explicado, de los recurridos aún interesar deponer a este abogado, tendrán que

presentar la prueba pertinente ante el TPI para demostrar que acontecen las circunstancias que lo justificarían, según estas fueron descritas en *Ades v. Zalma,* supra, y aquí reproducimos.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones