En el Tribunal Supremo de Puerto Rico

| Francisco Rebollo López<br>Recurrido<br><br>V.<br><br>Ivonne Gil Bonar<br>Recurrente | Certiorari<br><br>99 TSPR 99 |
|---|---|

Número del Caso: CC-1999-0220

Abogados de la Parte Recurrente:     Cruz Rosario & Méndez Ondina
                                     Lcda. Diana Méndez Ondina
                                     Lcda. Carmen Pilar Cruz Rosario

Abogada de la Parte Recurrida:     Lcda. Beatriz Vázquez de Acarón

Tribunal de Primera Instancia, Sala Superior de Bayamón

Juez del Tribunal de Primera Instancia: Hon. Carlos De J. Rivera Marrero

Tribunal de Circuito de Apelaciones: Circuito Regional II Bayamón

Panel Integrado por:     Hon. Sánchez Martínez
                         Hon. Ramos Buonomo
                         Hon. Urgell Cuebas

Fecha: 6/25/1999

Materia: Divorcio

        Este documento constituye un documento oficial del Tribunal
        Supremo que está sujeto a los cambios y correciones del
        proceso de compilación y publicación oficial de las
        decisiones del Tribunal. Su distribución electrónica se hace
        como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Francisco Rebollo López

Demandante-Recurrido

v.                           CC-99-220        Certiorari

Ivonne Gil Bonar

Demandada-Peticionaria


RESOLUCIÓN

San Juan, Puerto Rico, a 25 de junio de 1999

I.

La sentencia recurrida del Tribunal de Circuito de Apelaciones revocó la orden de 20 de agosto de 1998, así como la resolución del 31 de agosto del mismo año, dictadas por el Tribunal de Primera Instancia, "en tanto y en cuanto permiten un descubrimiento de prueba ilimitado". Ordenó "la continuación de los procedimientos a los fines de que el Tribunal de Primera Instancia: (1) determine si la [..., Sra. Gil Bonar], tiene necesidad de recibir una pensión de ex-cónyuge; (2) de tener dicha necesidad, provea un descubrimiento de prueba adecuado para el período de tiempo a partir del 23 de octubre de 1997; (3) en caso de que la [Sra. Gil Bonar] insistiera en realizar un descubrimiento de prueba para algún período anterior al 23 de octubre de 1997, deberá determinar si ésta lo ha justificado adecuadamente, en cuyo caso determinará su alcance y extensión y (4) emita cualquier otra orden indispensable para resolver este litigio en sus méritos, lo más pronto posible".

Mediante nuestra Resolución del 7 de mayo de 1999 denegamos el recurso presentado por la señora Gil Bonar. Oportunamente, nos solicitó reconsideración.

II.

Nada nuevo añade la peticionaria, señora Gil Bonar, en su escrito de reconsideración para movernos a expedir. No nos ha puesto en condiciones de concluir que necesita utilizar en esta etapa los mecanismos de descubrimiento de prueba ilimitados para establecer su necesidad de alimentos post-sentencia. Por el contrario, los autos de este caso demuestran que la prueba necesaria a esos efectos está bajo su control o es conocida por ésta.

Además, del apéndice del recurso surge información específica ya descubierta, bajo juramento, de la situación financiera del recurrido, señor Rebollo López, a saber: (a) ingreso mensual, (b) bono de Navidad, (c) cuentas bancarias, (d) cuentas de ahorro y certificados de depósito; (e) valores de inversiones, (f) propiedades inmuebles, (g) automoviles, (h) dinero acumulado en la Administración del Sistema de Retiro de la Judicatura de Puerto Rico, y en la Asociación de Empleados del Estado Libre Asociado de Puerto Rico, (i) deudas por concepto de prestamos personales e hipotecarios, (j) obligaciones por concepto de pensión alimentaria, (k) gastos personales, (l) pagos por concepto de seguro médico personal y de dependientes, entre otros.[1]

III.

Por otro lado, el foro apelativo atendió adecuadamente el reclamo de la peticionaria, señora Gil Bonar, de realizar el descubrimiento de prueba que sea necesario para establecer la capacidad económica del recurrido en caso de que el tribunal de instancia determine que ella es acreedora a la pensión alimentaria solicitada. Así, el foro apelativo reconoció su derecho de realizar un descubrimiento de prueba ordinario y adecuado para el período de tiempo que ha transcurrido a partir del 23 de octubre de 1997, fecha de la resolución del Tribunal de Primera Instancia concediendo la pensión alimentaría pendente lite a favor de la peticionaria, señora Gil Bonar, después de haberse celebrado ante dicho tribunal una vista en la cual recibió la prueba requerida a esos fines y determinó el monto de tales alimentos. También reconoció el Tribunal de Circuito de Apelaciones el derecho de la señora Gil Bonar a realizar un descubrimiento de prueba relativo a cualquier período anterior al 23 de octubre de 1997, previa justificación al efecto.

IV.

Considerada la solicitud presentada en este recurso a la luz de lo dispuesto por el Tribunal de Circuito de Apelaciones, y en ausencia de un claro abuso de discreción por parte de dicho foro, sería prematura nuestra intervención en esta etapa de los procedimientos respecto al alcance y materias del descubrimiento de prueba a que tendría derecho la peticionaria, señora Gil Bonar, en caso de que el tribunal de instancia determine que tiene derecho a una pensión alimentaria post-divorcio. Bajo el supuesto de que se establezca tal necesidad, nada le impide a ésta recurrir nuevamente en caso de que pueda demostrar concretamente que este dictamen no le permite establecer en instancia algún elemento esencial y pertinente de sus alegaciones.

A tenor con lo anteriormente expuesto, se deniega la Moción de Reconsideración.

Lo acordó el Tribunal y certifica la señora Secretaria del Tribunal Supremo. La Juez Asociada señora Naveira de Rodón emitió voto particular al cual se unió el Juez Asociado señor Corrada del Río. El Juez Asociado señor Rebollo López está inhibido.

---

[1] Información que provee el recurrido, señor Rebollo López y la peticionaria, señora Gil Bonar, revela que esta última posee una participación (privativa en algunos casos y en otras ganancial) en los valores de inversiones informados y en las propiedades inmuebles detalladas.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Francisco Rebollo López

    Recurrido

                                CC-99-220

      v.


Yvonne Gil Bonar

    Peticionaria


Voto Particular de la Juez Asociada señora NAVEIRA DE RODON al cual se une el Juez Asociado señor Corrada del Río.


San Juan, Puerto Rico, a 25 de junio de 1999


     En la resolución que hoy emite la mayoría de este Tribunal se utiliza como fundamento para denegar la moción de reconsideración presentada por la peticionaria, Sra. Yvonne Gil Bonar, el que el Tribunal de Circuito de Apelaciones (en adelante Tribunal de Circuito) no abusó de su discreción al intervenir con la determinación del Tribunal de Primera Instancia sobre la manera de llevar a cabo el descubrimiento de prueba y manejar el caso. Además, señala, que la peticionaria "[n]o nos ha puesto en condiciones de concluir que necesita utilizar en esta etapa mecanismos de descubrimiento de prueba ilimitados para establecer su necesidad de alimentos post-sentencia." Añade también la mayoría que el descubrimiento de prueba para probar necesidad resulta innecesario pues de los autos surge que la peticionaria señora Gil Bonar tiene bajo su control o le es conocida dicha prueba.[2]

---

[2] Cabe señalar que casi toda la prueba que la mayoría identifica como conocida por la peticionaria señora Gil Bonar o bajo su control, va dirigida a demostrar la capacidad de pago del recurrido, Sr. Francisco Rebollo López, no la necesidad alimentaria de la señora Gil Bonar.

No podemos avalar la posición adoptada por la mayoría.

A nuestro entender el Tribunal de Circuito ha mal interpretado su función como tribunal apelativo. Ha procedido, sin justificación válida alguna, a sustituir su criterio por el del foro de instancia, en cuanto al ejercicio de la discreción en materias procesales.

Como es sabido, en nuestro ordenamiento jurídico impera la norma invariable de que un tribunal apelativo sólo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en arbitrariedad o en un craso abuso de discreción. Lluch v. España Service Sta., 117 D.P.R. 729, 745 (1986); Valencia, Ex Parte, 116 D.P.R. 909, 913 (1986); Ortiz Rivera v. Agostini, 92 D.P.R. 187, 193 (1965); Hernández Usera, Ex Parte y Enjuto, Int., 52 D.P.R. 120, 127 (1937); Vivas et al. v. Hernaiz, Targa & Co. et al., 24 D.P.R. 836, 843 (1917).

En el caso de autos no se ha demostrado que el foro de instancia haya ejercido incorrectamente su facultad discrecional al acceder al descubrimiento de prueba solicitado por la peticionaria señora Gil Bonar y al no proveer para la bifurcación de las controversias en el caso. Lo que si surge con meridiana claridad del expediente es que se ha pretendido litigar en los foros apelativos hasta los más comunes incidentes procesales interlocutorios, sin que hayamos podido identificar una razón de peso para apartarnos de la norma general antes mencionada.

Resulta importante tener presente que la citada norma de que –en ausencia de un claro abuso de discreción, no habremos de intervenir con las directrices de carácter discrecional de los tribunales inferiores– es aplicable en la relación entre un tribunal apelativo y uno sentenciador en el ejercicio de la función del primero como revisor de las actuaciones judiciales del segundo. No es aplicable, sin embargo, entre dos foros apelativos.[3] En Lluch v España Service Sta., supra, expresamos que, de ordinario los tribunales apelativos "no interven[dremos] con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial."

No cabe duda que los tribunales de origen son los que están en mejor posición para determinar cómo se debe manejar un caso que está ante su consideración. Las determinaciones que haga en el sano ejercicio de su discreción deben ser respetadas por los foros apelativos, a menos, claro está, que se demuestre arbitrariedad, un craso abuso de discreción, una determinación errónea que cause grave perjuicio a una de las partes, o la necesidad de un cambio de política pública procesal o sustantiva. Esta norma fortalece el principio de que serán los tribunales de origen los que manejen los casos que les son presentados.[4]

---

[3] Así lo hemos resuelto reiteradamente desde el 1917. Véase, Vivas, et al. v. Hernaiz, Targa & Co. et al., 24 D.P.R. 836, 843 (1917).

[4] Al emitir la Resolución de 30 de junio de 1998 denegando la reconsideración, aclaramos nuestro dictamen de 5 de junio de ese mismo año indicando específicamente que le reconocíamos al foro de instancia plena libertad para manejar el caso. Expresamos en dicha Resolución que las partes, o sea, tanto la peticionaria señora Gil Bonar como el recurrido señor Rebollo López, podían hacerle al tribunal de instancia "todos los planteamientos que estima[sen] pertinentes, incluyendo el de si proce[día] o no una pensión provisional mientras se llevaba a cabo un descubrimiento

Entendemos que en el caso de autos el tribunal sentenciador actuó dentro del marco de su discreción y que tiene a su disposición los mecanismos procesales necesarios para que ninguna de las partes pueda abusar del proceso. No existe razón alguna o circunstancias extraordinarias para que el Tribunal de Circuito abrogue la discreción del foro de instancia y se atribuya el control procesal de un caso que aún está pendiente en el tribunal de origen. Dicho en otros términos, no procedía que el Tribunal de Circuito sustituyera su criterio por el del tribunal sentenciador con relación al uso de los mecanismos de descubrimiento de prueba y proveyera para la bifurcación de los trámites procesales.[5]

Con estas normas en mente pasemos a analizar la petición de certiorari en sí. Entendemos que el segundo error planteado debe examinarse. Éste lee así:

"Erró el Tribunal de Circuito de Apelaciones al privar a la peticionaria de su derecho a descubrimiento de prueba hasta tanto probara su "necesidad" de una pensión post-divorcio, [sic] y de probarlo, entonces tendría derecho a descubrimiento de prueba limitado y restringido en cuanto a su alcance y tiempo."

Como sabemos, el Art. 109 del Código Civil, 31 L.P.R.A. sec. 385 fue sustancialmente enmendado por la Ley Núm. 25 de 16 de febrero de 1995. Mediante esta enmienda se eliminó, entre otras cosas, el requisito de culpa y se establecieron ocho (8) criterios que el tribunal debe considerar al determinar si procede o no la concesión de pensión alimentaria a ex cónyuges y la cuantía en que ésta se debe fijar. También deja abierta la posibilidad de que el tribunal tome en cuenta cualquier otro factor que entienda apropiado, dentro de las circunstancias específicas del caso. Sobre el particular, el Art. 109, supra, dispone lo siguiente:

Si decretado el divorcio por cualesquiera de las causales que establece la sec. 321 de este título, cualesquiera de los ex cónyuges no cuenta con <u>suficientes medios para vivir</u>, el Tribunal [de Primera Instancia] podrá asignarle alimentos discrecionales de los ingresos, rentas, sueldos o bienes que sean de la propiedad del otro cónyuge.

El Tribunal concederá los alimentos a que se refiere el párrafo anterior, teniendo en cuenta, entre otras, las siguientes circunstancias:

(a)  Los acuerdos a que hubiesen llegado los ex cónyuges.
(b)  La edad y el estado de salud.
(c)  La cualificación profesional y las probabilidades de acceso a un empleo.
(d)  La dedicación pasada y futura a la familia.

---

de prueba adecuado y se [resolvía] el caso en los méritos." (Enfasis suplido.) Como podrá observarse, no condicionamos ni el descubrimiento de prueba, ni la forma de conducir el pleito, ni la procedencia o no de los alimentos provisionales. Todo el manejo del caso y los incidentes procesales se lo dejamos al buen juicio del tribunal sentenciador.
[5] En concreto, nos referimos a la determinación del Tribunal de Circuito a los efectos de que la peticionaria señora Gil Bonar primero pruebe la necesidad económica antes de poder hacer descubrimiento de prueba sobre la capacidad de pago del recurrido señor Rebollo López.

(e) La colaboración con su trabajo en las actividades mercantiles, industriales o profesionales del otro cónyuge.

(f) La duración del matrimonio y de la convivencia conyugal.

(g) El caudal y medios económicos y las necesidades de uno y otro cónyuge.

(h) Cualquier otro factor que considere apropiado dentro de las circunstancias del caso.

Fijada la pensión alimenticia [sic], el juez podrá modificarla por alteraciones sustanciales en la situación, los ingresos y la fortuna de uno u otro ex cónyuge. La pensión será revocada mediante resolución judicial si llegase a hacerse innecesaria, o por contraer el cónyuge divorciado acreedor a la pensión nuevo matrimonio o viviese en público concubinato. (Énfasis suplido.)

Una lectura de los ocho (8) criterios expuestos refleja con meridiana claridad que éstos se refieren tanto a la cuantía que se debe conceder como pensión alimentaria, como a lo que significa "suficientes medios para vivir". Para determinar estos dos (2) elementos indispensables para la concesión de pensión alimentaria entre ex cónyuges, hay que analizar y examinar los ocho (8) factores que contiene el Art. 109, supra. En cuanto al elemento de "suficientes medios para vivir" antes de siquiera comenzar a aportar la prueba para establecerlo, hay que precisar los parámetros con referencia a los cuales se determinará qué constituyen los medios suficientes para vivir en cada caso en particular.

Los factores establecidos en el Art. 109, supra, ayudarán al tribunal a contestar las siguientes interrogantes: ¿Qué constituye para esa persona, para ese ex cónyuge, "suficientes medios para vivir"? O sea, ¿vivir cómo? ¿Qué es suficiente? Es obvio que el concepto "suficientes medios para vivir" hay que determinarlo en relación con algo y que ese algo podría ser la forma o estilo de vida de la familia, antes y después del divorcio y la de los ex cónyuges que incluiría la época durante el matrimonio y la posterior al divorcio. Sin contraponerse a algo en específico, la disposición no tiene sentido. Después de todo, lo que es suficiente para unos puede resultar inadecuado para otros. Una vez establecido esto y la capacidad de pago es que se puede fijar la pensión alimentaria de ex cónyuges.

Cabe señalar que, aún no hemos tenido la oportunidad de interpretar cuán amplia y abarcadora fue la enmienda que sufrió el Art. 109, supra, en 1995. Tampoco hemos considerado si ésta tuvo el efecto de modificar nuestros pronunciamientos en Toppel v. Toppel, 114 D.P.R. 16 (1983); ni si el legislador tuvo la intención de incorporar a la disposición sobre pensión alimentaria entre ex cónyuges el concepto de desigualdad económica.

Ante toda esta problemática que tenía ante sí el foro de instancia, éste entendió que para poder resolver el caso y determinar cuáles son los suficientes medios para vivir, era necesario que la peticionaria realizara un descubrimiento de prueba adecuado. No hubo arbitrariedad en esta determinación y mucho menos se puede identificar algún craso abuso de discreción. En consecuencia, no vemos razón alguna por la cual el Tribunal de Circuito debió interferir con el ejercicio de la discreción del foro de instancia en el manejo del caso en la etapa de descubrimiento de prueba.

Debemos tener presente que, aunque el descubrimiento de prueba no es ilimitado, en casos civiles éste debe ser amplio y liberal. Ades v. Zalman 115 D.P.R 514, 518 (1984); Rivera Alejandro v. Algarín 112 D.P.R. 830, 834 (1982). Incluye cualquier materia, "no privilegiada, que sea

pertinente al asunto en controversia ... [y] no constituirá objeción el que la información solicitada sea inadmisible en juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible." Regla 23.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R 23.1. Tampoco, de ordinario, será una objeción válida el hecho de que la información ya está en posesión de la parte promovente. Después de todo, una admisión de la parte contraria facilita la tramitación del caso, pues su presentación en evidencia releva a la parte que la obtuvo de tener que probar ese hecho. R. Hernández Colón, Práctica Jurídica de Puerto Rico, San Juan, PR Ed. Michie of Puerto Rico, Inc., (1997), Caps. 28-31, págs. 220-245. La determinación que hoy avala la mayoría, limita, sin razón alguna, las opciones que tiene la peticionaria para probar su caso y desarrollar la teoría interpretativa del Art. 109, supra, según enmendado, sobre lo que significa "suficientes medios para vivir."

En Machado Maldonado v. Barranco Colón, 119 D.P.R. 563, 566 (1987) resolvimos que "en casos ordinarios los tribunales, salvo circunstancias excepcionales y únicas, no pueden prohibir el uso de dichos mecanismos. Claro está, ello no afecta la facultad de regular su extensión en orden a objeciones de onerosidad, opresión, privilegio u otras razones válidas." (Enfasis en el original.)

A la luz de todo lo antes expuesto, no tenemos la menor duda de que el tribunal de instancia no actuó arbitrariamente ni incurrió en un craso abuso de su discreción al permitir el descubrimiento de prueba solicitado por la peticionaria y al no proveer para la bifurcación del caso. Erró, pues, el Tribunal de Circuito al intervenir con estas determinaciones interlocutorias.

En el ejercicio de nuestra función revisora de las actuaciones del Tribunal de Circuito, debemos expedir el recurso solicitado y revocar la sentencia emitida por dicho foro, impartiéndole a éste las directrices apropiadas para que en el futuro se abstenga de intervenir de forma indebida e innecesaria con las determinaciones interlocutorias del tribunal de instancia.

No obstante lo antes expresado, hemos revisado el apéndice del recurso que incluye el interrogatorio que se pretende someter al recurrido y los documentos que le solicita traiga a la toma de deposición y esto ha creado en nosotros una gran preocupación. Estamos conscientes que, tanto el interrogatorio como los documentos que se solicitan, tienen partes que son claramente impertinentes, onerosas e innecesarias, cuyo único objetivo parece ser el de molestar o incomodar. Sin embargo, entendemos que las reglas procesales tienen suficientes salvaguardas y mecanismos que le permiten al foro de instancia evitar la mala utilización del descubrimiento de prueba sin tener que llegar a la drástica medida de prohibirlo en su totalidad. No tenemos duda de que el foro de instancia atendería con premura y enérgicamente cualquier solicitud del recurrido relacionada con la mala utilización o sobreutilización de los mecanismos de descubrimiento de prueba. Dicho foro podría, entre otras cosas, establecer límites razonables al descubrimiento o tomar cualquier otra medida que estime necesaria a tenor con las circunstancias que se le presenten, fiscalizando de cerca el controversial descubrimiento de prueba. No se nos ha demostrado que el tribunal de instancia no esté en la disposición de salvaguardar con celo los derechos de ambas partes.

En un caso como este, que ha generado tanta animosidad entre las partes, el tribunal de instancia debe ejercer un especial control para evitar se utilice el foro judicial para propósitos ajenos a nuestra función de impartir justicia. Creemos oportuno advertir que las representaciones legales de las partes tienen el ineludible deber de mantener un criterio juicioso y racional al hacer sus planteamientos ante

los tribunales. Deben hacer abstracción del estado emocional y animosidad de su cliente para con la parte contraria. Después de todo, una de las funciones de un abogado es precisamente fomentar la paz y la calma para que las controversias se puedan resolver de forma objetiva, sin que la emoción empañe el entendimiento. Desmerecen los argumentos legales cuando éstos se entrelazan con innuendos e insultos velados. Enérgicamente repudiamos esta forma de actuar y no la toleraremos.

Por las razones antes expuestas, disiento de la decisión de la mayoría de denegar el recurso presentado. Entiendo debe reconsiderarse la Resolución que denegó la expedición del certiorari solicitado, expedirse el recurso, revocar la decisión del Tribunal de Circuito de Apelaciones y devolver el caso al foro de instancia para que continúen los procedimientos de forma compatible con lo aquí expresado.


Miriam Naveira de Rodón
Juez Asociada