Aponte Hernández, Juez Ponente
*1038 TEXTO COMPLETO DE LA RESOLUCIÓN
El peticionario, señor Carlos Vizcarrondo Olivencia, nos solicita que revoquemos la resolución emitida el 9 de enero de 2008 por el Tribunal de Primera Instancia, Sala de San Juan (TPI). Mediante la misma, el foro de instancia declaró no ha lugar la solicitud del peticionario para que desestimara la demanda instada en su contra en su carácter personal. Además, le concedió 20 días para contestar la demanda.
Conjuntamente, el Sr. Vizcarrondo presentó Moción en Auxilio de Jurisdicción, en la cual solicitó que ordenáramos la paralización de la orden del TPI para que contestara la demanda y de todo trámite posterior ante dicho foro.
Por los fundamentos que se exponen a continuación, se deniega la expedición del auto de certiorari solicitado, y se declara no ha lugar la Moción en Auxilio de Jurisdicción.
I
El 27 de noviembre de 2007, los recurridos, señor Héctor R. Díaz Olmo y la señora María C. Rodríguez, presentaron demanda de nulidad de contrato y daños y perjuicios en contra, entre otros, de Carlos Vizcarrondo Olivencia H/N/C Joyería Navona. Se solicitó la nulidad de un contrato de compraventa de un reloj Cartier por la cantidad de $3,210, efectuada en las facilidades de la Joyería Navona en la Calle San Francisco Núm. 258 en el Viejo San Juan; la devolución del precio pagado; y una compensación de $100,000 por sufrimientos y angustias mentales. Los recurridos alegaron que el Sr. Díaz adquirió el referido reloj en el mencionado establecimiento, el 19 de noviembre de 2007, bajo el convencimiento de que se trataba de un reloj nuevo, pero que luego resultó que el mismo era usado. Adujo, además, que al solicitar la devolución del precio pagado se le indicó que sólo se le podía dar un crédito para la compra de mercancía en dicho establecimiento. Argüyó que advino en conocimiento de que el reloj era usado luego de habérselo obsequiado a su esposa, la Sra. Rodríguez, como regalo de aniversario de plata, en sus 25 años de casados, y que ello les había causado sufrimientos y angustias mentales que valoraron en $100,000.
El peticionario fue emplazado, en su capacidad personal el 27 de noviembre de 2007, y el 14 de diciembre de 2007 presentó ante el TPI Solicitud de Desestimación por Inmunidad Corporativa. Alegó que la empresa conocida como Joyería Navona es una entidad corporativa creada y organizada bajo las leyes del Estado Libre Asociado de Puerto Rico; que la misma era un ente aparte, separado y distinto del compareciente Carlos *1039 Vizcarrondo, y como tal debía ser demandada y emplazada conforme a derecho; y que él era un mero oficial de la corporación, por lo que gozaba de inmunidad corporativa. Al tenor de dichas alegaciones, solicitó la desestimación de la demanda.
Los recurridos se opusieron a la solicitud de desestimación del Sr. Vizcarrondo, y solicitaron la anotación de rebeldía. Además, le solicitaron al TPI que ordenara al peticionario a proveer una certificación del Departamento de Estado que acreditara la existencia corporativa de dicho establecimiento.
El peticionario se opuso a la solicitud de anotación de rebeldía. Alegó que al haber presentado la moción de desestimación bajo la Regla 10.2 de Procedimiento Civil, antes de contestar la demanda, el término para ello quedó suspendido hasta que el tribunal resolviera la misma.
Luego de otros trámites procesales que resulta innecesario aquí pormenorizar, el 9 de enero de 2008, el TPI emitió la siguiente ORDEN:

“A la solicitud de Desestimación presentada por la parte demandada, no ha lugar. Tenga 20 días para contestar demanda. ”

Inconforme, el Sr. Vizcarrondo acude ante nos y señala que:

“Erró el Honorable Tribunal de Primera Instancia al declarar no ha lugar la Solicitud de Desestimación presentada por el demandado Carlos Vizcarrondo Olivencia, ya que éste en su capacidad personal goza de inmunidad corporativa y no responde de las alegaciones de la Demanda. ”

II
Como se sabe, el ordenamiento procesal civil mantiene un esquema básico para la presentación y trámite de las causas civiles ante el foro judicial y delega en el juez la responsabilidad de velar y garantizar a todos los litigantes un proceso judicial justo, rápido y económico, conforme al postulado de la primera regla de procedimiento civil. Prácticamente, pocos procesos judiciales civiles se pueden considerar similares o repetitivos. La experiencia enseña que, de ordinario, existen tantos pleitos distintos como diferentes también sean los litigantes. Ante tal diversidad, es menester que el foro de primera instancia cuente con amplio margen de discreción sobre la conducción del proceso judicial a su cargo, para que con el auxilio del ordenamiento procesal civil, la ley sustantiva el ejercicio del sano juicio y discreción judicial, se pueda cumplir con la misión tripartita de arribar a solución justa, en forma expedita y económica. Vives Velázquez v. E.L.A., 142 D.P.R. 117 (1996); Molina Avilés v. Supermercado Amigo, Inc., 119 D.P.R. 330, 337 (1987); Dávila v. Hospital San Miguel, Inc., 117 D.P.R. 807, 816 (1986); Heftler Const. Co. v. Trib. Superior, 103 D.P.R. 844 (1975).
El auto de certiorari, 32 L.P.R.A. see. 3491 et seq., es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. García Morales v. Padró Hernández, 164 D.P.R.__ (2005), 2005 J.T.S. 110; Pueblo v. Colón Mendoza, 149 D.P.R. 630, 637 1999. Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de certiorari de manera discrecional. Esta discreción, en nuestro ordenamiento jurídico, ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. No significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. Negrón v. Srio. de Justicia, 154 D.P.R. 79 (2001).
Con el fin de que podamos ejercer de una manera sabia y pmdente nuestra facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de certiorari, la Regla 40 del Reglamento de este Tribunal, 4 L.P.R.A. Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de certiorari. La referida regla dispone lo *1040 siguiente:

“El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. ”

El principio general reconoce que los tribunales de instancia son quienes están en mejor posición para determinar cuál debe ser el manejo del caso ante su consideración. Como corolario de lo anterior, los foros apelativos no deben intervenir con las determinaciones de los tribunales sentenciadores que estén enmarcadas en el ejercicio de la discreción que se les ha concedido para encaminar procesalmente los asuntos que tienen pendientes. No obstante, en situaciones excepcionales, tales actuaciones serán objeto de revisión si son arbitrarias, constitutivas de un craso abuso de discreción, o basadas en una determinación errónea que a su vez haya causado un grave perjuicio a una de las partes. Rebollo v. Gil, 148 DPR 673 (1999).
De otra parte, los tribunales apelativos no debemos, con relación a determinaciones interlocutorias discrecionales procesales, sustituir nuestro criterio por el ejercicio de discreción del tribunal de instancia, salvo cuando dicho foro haya incurrido en arbitrariedad o craso abuso de discreción. Meléndez v. Caribbean Int’l News, Opinión del 29 de junio de 2000, 2000 J.T.S. 108.
III
Hemos examinado la petición del Sr. Vizcarrondo. Los argumentos formulados ante nos son similares a los planteados ante el foro de instancia. Luego de aquilatar los mismos al tenor de los criterios que nos provee la Regla 40, supra, no vemos razón alguna para intervenir con la determinación del TPI. De los documentos que obran en autos no quedan acreditadas las alegaciones esenciales en que el peticionario fundamenta su solicitud de desestimación de la demanda. Resulta prematuro dicho planteamiento en esta etapa del proceso en que el récord del tribunal está prácticamente huérfano de documentación. Es evidente, que la etapa en que se presenta la solicitud del peticionario no es la más propicia para su consideración, por lo que procede se deniegue el recurso.
IV
Por los fundamentos antes expuestos, se deniega la expedición del auto de certiorari solicitado, y se declara no ha lugar la Moción en Auxilio de Jurisdicción.
*1041 Notifíquese inmediatamente a las partes por teléfono o fax y por la vía ordinaria.
Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.
María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones
ESCOLIO 2008 DTA 44
1. Notificada el 5 de febrero de 2008.