Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| NERIS RODRÍGUEZ BATTISTINI Y OTROS<br><br>Demandantes - Recurrida<br><br>v.<br><br>POPULAR SECURITIES, INC., Y OTROS<br><br>Demandados<br><br>**CORPORACIÓN PARA LA SUPERVISIÓN Y SEGURO DE COOPERATIVAS DE PUERTO RICO**<br><br>Interventora - Peticionaria | TA2025CE00571 | ***Certiorari*** procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Civil núm.: K AC2011-0244<br><br>Sobre: Incumplimiento de Contrato, Daños y Perjuicios |

Panel integrado por su presidente, el Juez Sánchez Ramos, la Jueza Romero García y el Juez Pérez Ocasio.

Sánchez Ramos, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de octubre de 2025.

El Tribunal de Primera Instancia ("TPI") declinó anotarle la rebeldía a una parte demandada quien había solicitado la desestimación de la reclamación en su contra y quien, aunque tardíamente, ya había contestado la demanda en su contra. Según se explica a continuación, por tratarse de una decisión razonable enmarcada dentro de un válido ejercicio de discreción por el TPI, declinamos la invitación a intervenir con la misma.

I.

En lo pertinente, en junio de 2013, la Corporación para la Supervisión y Seguro de Cooperativas de Puerto Rico (la "Agencia") presentó una *Demanda de Intervención* (la "Demanda") en contra de Popular Securities Inc. ("Popular").

En abril de 2022, la Agencia solicitó al TPI que le anotara la rebeldía a Popular, ello sobre la base de que Popular no había contestado todavía la Demanda.

A finales de mayo de 2022, Popular se opuso a la referida moción. Sostuvo que no había contestado la Demanda "porque está pendiente que se resuelva la solicitud de desestimación por falta de jurisdicción" sometida por dicha parte. Informó que, "para evitar que [la Agencia] continúe desviando la atención de lo verdaderamente importante", en esa misma fecha había presentado su *Contestación a la Demanda de Intervención*.

Mediante un dictamen notificado el 14 de marzo de 2024 (el "Dictamen"), el TPI denegó la moción de anotación de rebeldía presentada por la Agencia.

Oportunamente, la Agencia solicitó la reconsideración del Dictamen, lo cual fue denegado por el TPI mediante una Resolución notificada el 3 de septiembre de 2025.

Aun inconforme, el 3 de octubre de 2025, la Agencia presentó el recurso que nos ocupa en el cual aduce que erró el TPI al denegar su solicitud de anotación de rebeldía a Popular. Disponemos.

II.

Distinto al recurso de apelación, el tribunal al que se recurre mediante *certiorari* tiene discreción para atender el asunto planteado, ya sea expidiendo el auto o denegándolo. Véase, *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011); *García v. Padró*, 165 DPR 324, 334 (2005). El *certiorari* es un recurso extraordinario cuya característica se asienta en "la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos." *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012). Este Tribunal tiene la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del TPI. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

Por su parte, la Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

### III.

Concluimos que no procede intervenir con la discreción ejercida por el TPI al denegar la solicitud de anotación de rebeldía contra Popular. En primer lugar, del récord surge que, al momento en que ello se solicitó, Popular, aunque no había contestado la Demanda, sí se había defendido mediante la presentación de una solicitud de desestimación de la Demanda. Adviértase que la Regla 45.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 45.3, autoriza al TPI a anotarle la rebeldía a una parte que "haya dejado de presentar alegaciones **o de defenderse en otra forma** …" (énfasis suplido).

En segundo lugar, y más importante aún, al momento en que el TPI adjudicó la solicitud de la Agencia, ya Popular había

contestado la Demanda. En estas circunstancias, el TPI tenía discreción para aceptar dicha contestación y denegar la moción de la Agencia. Al así hacerlo, no cometió error de derecho alguno ni abusó de su discreción, de tal manera que se justifique nuestra intervención en el caso.

Subrayamos que los tribunales apelativos no intervenimos con el manejo de los casos ante el TPI "salvo que se demuestre que hubo un craso abuso de discreción o que el tribunal actuó con prejuicio y parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial." *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992); *ELA v. Asoc. de Auditores*, 147 DPR 669 (1999); *Meléndez v. Caribbean Intl. News*, 151 DPR 649 (2000). Ello porque el TPI tiene amplia discreción en el manejo del caso y, en ausencia de circunstancias extraordinarias, no debemos intervenir con el ejercicio de dicha discreción. *Rebollo López v. Gil Bonar*, 148 DPR 673, 678 (1999); *García v. Asociación*, 165 DPR 311, 322 (2005).

V.

Por los anteriores fundamentos, **denegamos** la expedición del auto de *certiorari* solicitado.

Lo acordó el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones